# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MAURICE L. RICHARD,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 3:13-cv-06055-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 10, 2015 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On September 9, 2009, plaintiff filed an application for SSI benefits, alleging disability beginning November 1, 2005. *See* Dkt. 9, Administrative Record ("AR") 13. A hearing was held before an administrative law judge ("ALJ") on October 18, 2011, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's mother and a vocational expert. *See* AR 36-117.

REPORT AND RECOMMENDATION - 1

In a decision dated June 14, 2012, the ALJ determined plaintiff to be not disabled. *See* AR 10-35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 10, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481. On December 16, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on June 17, 2014. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for the immediate award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) by failing to develop the record; (2) by failing to consider plaintiff's diagnosis of dementia; (3) by failing to properly consider the lay witness testimony; (4) by failing to consider the testimony of the vocational expert; and (5) by failing to consider the medical opinion evidence. For the reasons set forth below, the undersigned agrees the ALJ erred in failing to consider plaintiff's diagnosis of dementia, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, the undersigned recommends that while defendant's decision to deny benefits should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991)

1  ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal
2  standards were not applied in weighing the evidence and making the decision.") (citing *Brawner*
3  *v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

4  Substantial evidence is "such relevant evidence as a reasonable mind might accept as
5  adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation
6  omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if
7  supported by inferences reasonably drawn from the record."). "The substantial evidence test
8  requires that the reviewing court determine" whether the Commissioner's decision is "supported
9  by more than a scintilla of evidence, although less than a preponderance of the evidence is
10 required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence
11 admits of more than one rational interpretation," the Commissioner's decision must be upheld.
12 *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence
13 sufficient to support either outcome, we must affirm the decision actually made.") (quoting
14 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

15 I.   The ALJ's Step Two Determination

16 Defendant employs a five-step "sequential evaluation process" to determine whether a
17 claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found
18 disabled or not disabled at any particular step thereof, the disability determination is made at that
19 step, and the sequential evaluation process ends. *See id.* At step two of the evaluation process,

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

1    the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An
2    impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical
3    abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c);
4    *see also* Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are
5    those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b);
6    SSR 85- 28, 1985 WL 56856 *3.

7          An impairment is not severe only if the evidence establishes a slight abnormality that has
8    "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL
9    56856 *3; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841
10   F.2d 303, 306 (9th Cir.1988). Plaintiff has the burden of proving that his "impairments or their
11   symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d
12   1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The step two
13   inquiry described above, however, is a *de minimis* screening device used to dispose of groundless
14   claims. *See Smolen*, 80 F.3d at 1290.

15         Plaintiff contends that the ALJ erred in failing to consider the diagnoses of dementia and
16   intermittent explosive disorder found by examining psychologist Dr. J. Keith Peterson, Ph.D. *See*
17   Dkt. 19, pp. 8-9.

18         At step two, the ALJ found that plaintiff had the severe impairments of major depressive
19   disorder, anxiety disorder, alcohol abuse, back pain, and ankle pain. AR 15. The ALJ stated that
20   plaintiff's psychological history of depression, anxiety, and anger cause more than a minimal
21   limitation on plaintiff's ability to perform basic work activities. AR 15-16. The ALJ also found
22   that plaintiff's cognitive disorder posttraumatic brain injury and psychosis disorder cause only
23   transient and mild symptoms and limitations, and thus are not severe impairments. AR 16. The
24

ALJ failed to mention whether he found plaintiff's diagnosed dementia and intermittent explosive disorder to be severe impairments. AR 15-16.

Dr. Peterson diagnosed plaintiff with dementia due to unknown or multiple factors, intermittent explosive disorder related to plaintiff's dementia/traumatic brain injury, major depressive disorder, and social anxiety disorder. AR 690-91. Dr. Peterson noted that plaintiff performed very poorly on the TOMM test, which assesses malingering, meaning that plaintiff has either a sophisticated pattern of malingering or significant cognitive deficits. AR 690. Dr. Peterson found plaintiff has severe cognitive deficits. AR 691.

In Dr. Peterson's opinion,

> given [plaintiff's] cognitive deficits and his emotional regulation problems, he would need a very basic job that featured very minimal social interaction. Even this job would have to have a slow pace, at least in terms of the sample of [plaintiff's] behavior that [Dr. Peterson] saw on [the date of examination]. His prognosis might improve if he was responding to treatment for his mood/depression disorder. . . . He did have focusing problems, to the point where he stared blankly at times. He can be expected to have a problem with making responsible decisions in the workplace. He may also have stamina issues.

*Id.* Dr. Peterson also opined that plaintiff suffered from moderate to extreme limitations in his ability to understand, remember and carry out instructions and his ability to interact appropriately with supervisors, co-workers and the public as well as respond to changes in routine. AR 692-93.

The ALJ discussed Dr. Peterson's findings regarding plaintiff's malingering and affect, but failed to discuss the remaining probative evidence contained in Dr. Peterson's report. AR 26-27. The ALJ did not mention Dr. Peterson's findings regarding plaintiff's diagnosed impairments or functional limitations, but simply stated that he gave no weight to any of Dr. Peterson's opinions or observations because plaintiff tested positive for malingering and because Dr. Peterson was possibly influenced by plaintiff's hostility. *See id*. The ALJ gave no indication as to

what consideration was given to Dr. Peterson's assessment that plaintiff suffered from dementia and intermittent explosive disorder.

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. The ALJ provides a vague statement that he rejects all observations and opinions of Dr. Peterson. This does not provide sufficient evidence to show that he properly considered all the significant, probative evidence contained within Dr. Peterson's report. The undersigned finds that the record contains medical evidence showing plaintiff was diagnosed with dementia and intermittent explosive disorder and showing that plaintiff may have moderate to extreme limitations, in part, due to these two diagnoses. The ALJ erred in failing to discuss or reject explicitly this significant and probative evidence.

The undersigned notes that the ALJ discussed plaintiff's memory and behavior problems in his decision. *See* AR 23-27. However, identifying plaintiff's difficulties as memory and behavioral problems alone is insufficient in light of plaintiff's diagnoses of dementia and intermittent explosive disorder. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (finding that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual functional capacity determination was incomplete, flawed, and not supported by substantial evidence in the record").

The ALJ's failure to address plaintiff's dementia and intermittent explosive disorder at step two indicates that the ALJ may not have accounted for all of plaintiff's impairments during subsequent steps of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290 ("having found [the plaintiff] to suffer from only one 'severe' impairment at step two, the ALJ necessarily

failed to consider at step five how the combination of her other impairments . . . affected her residual functional capacity to perform work"). The undersigned cannot conclude that the ALJ properly considered the combined effect of all of plaintiff's impairments, including plaintiff's dementia and intermittent explosive disorder, when making the residual functional capacity ("RFC") determination and the ultimate decision regarding plaintiff's disability status.

Additionally, the Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill*, 698 F.3d at 1160. According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Id.* at 1161. As the ALJ failed to discuss significant, probative evidence regarding plaintiff's dementia and intermittent explosive disorder, the RFC was incomplete and the ALJ's error was not harmless.

Based on the above stated reasons, the Court concludes that the ALJ committed harmful legal error by failing to properly discuss plaintiff's dementia and intermittent explosive disorder.

II.    <u>This Matter Should Be Remanded for Further Administrative Proceedings</u>

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

REPORT AND RECOMMENDATION - 7

1   Benefits may be awarded where "the record has been fully developed" and "further

2  administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

3  *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

4   (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding
5   issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would
6   be required to find the claimant disabled were such evidence credited.

7

8  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

9  As issues still remain regarding the medical evidence in the record concerning plaintiff's

10  impairments and functional capabilities, and thus his ability to perform other jobs existing in

11  significant numbers in the national economy, remand for further consideration of those issues is

12  warranted.

13                                                  CONCLUSION

14   Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

15  improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as

16  well that the Court reverse the decision to deny benefits and remand this matter for further

17  administrative proceedings in accordance with the findings contained herein.

18   Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

19  72(b), the parties shall have **fourteen (14) days** from service of this Report and

20  Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6.  Failure to file

21  objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

22  474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

23  is directed set this matter for consideration on **April 10, 2015**, as noted in the caption.

24

REPORT AND RECOMMENDATION - 8

1    DATED this 25th day of March, 2015.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge